IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MICHAEL STEVEN KOBER, § | |
| *Plaintiff*, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. 5:11-CV-00623 |
| AMERICAN UNIVERSITY OF THE § | |
| CARIBBEAN N.V., INC., § | |
| *Defendant*. § | |
| § | |

**Plaintiff's Response to Defendant's Opposition to Motion to Amend Plaintiff's Complaint**

TO THE HONORABLE COURT:

Plaintiff, MICHAEL STEVEN KOBER ("Kober") responds to Defendant American University of the Caribbean, N.V's ("AUC I") *Opposition to Motion to Amend Plaintiff's Complaint* (Docket #40), and respectfully shows the following:

1. On or around April 19, 2011, this action was brought by Kober against AUC I for violations of Kober's rights under the ADA and Rehabilitation Act. Kober filed his *First Amended Complaint* as a matter of course on October 4, 2011.

2. Kober's *Second Amended Complaint*, submitted to this Court on April 20, 2012, seeks to include additional parties, specifically Defendants Devry Medical International, Inc., and AUC School of Medicine B.V. (collectively, "AUC II.") Upon information and belief, Kober alleges that AUC II are the present owners of the medical school which is the subject of the present action.

## I.     DISCUSSION

### A.     The Underlying Suit

3.      Kober is a former student of American University of the Caribbean's School of Medicine, and he complains of its unlawful decision to dismiss him from its program of study because of his disability.[1]

4.      Specifically, Kober's *First Amended Complaint* alleged 1) he was diagnosed with a bona-fide disability, 2) AUC I has intentionally refused to accommodate Kober pursuant to the ADA, and 3) AUC I has expelled Kober because of his request for accommodation and refused to re-admit Kober. *See Kober's First Amended Complaint,* Docket #21.

5.      After protests by AUC I, including in its *Motion to Dismiss*, Kober moved to amend his complaint to include the actions taken by the present owner of the School of Medicine, AUC II along with AUC I.

### B.     Background

6.      Some background information is important to understand what has transpired in this case in connection with Kober's motion to amend. Kober originally filed this case on April 19, 2011. As set forth in the federal rules, Kober sent to AUC I's registered agent a waiver of summons. The Registered Agent contacted counsel for Kober on May 16, 2011 and informed him that he had forwarded the waiver to AUC I. AUC I did not return the waiver. As a result, Kober went to the time and expense of serving the complaint and summons on AUC I, which occurred on June 23, 2011.

7.      Shortly before its responsive pleading was due in July 2011, counsel for AUC I contacted Kober's counsel to request an extension. In all honesty, counsel for Kober was not too

---

[1] The underlying facts to this matter have been set forth repeatedly, and Plaintiffs will not abuse the Court's time by a lengthy recitation of the allegations made in Plaintiff's *First Amended Complaint* subject to Defendant's *Motion to Dismiss*.

keen on the idea since AUC I had refused to return the waiver of summons; however, after AUC I agreed to mediate the case, Kober agreed to the thirty day extension AUC I requested. This made the answer deadline August 15, 2011. Kober hoped that the mediation would result in his readmission to the medical school. What AUC I failed to disclose to Kober at this time was that it was nearing the completion of the sale of substantially all of its assets to AUC II. AUC I knew that the completion of this sale would make the mediation futile since it would no longer own the medical school.

8.  The sale closed on August 3, 2011, just a scant three weeks or so after AUC I had agreed to mediate. Moreover, although AUC II purchased substantially all of the assets of AUC I, it apparently has not assumed all of the liabilities. One of the liabilities not assumed by AUC II is this lawsuit. Thus, the party against whom Kober sought injunctive relief, AUC I, no longer could provide the relief requested, if the facts as represented are correct. As a result, Kober amended his lawsuit to include, among other things, a claim for compensatory damages against AUC I.

9.  AUC I chastises Kober for not including AUC II in the first amended complaint. This is nonsense. Before hauling off and suing AUC II, Kober thought it was reasonable to contact AUC II to ask if they would agree to readmit him to medical school. He was told he would have to reapply, which he did. In other words, Kober, a young married man with a family, was attempting to avoid the expense and delay of litigation against a large corporation by seeking to resolve the dispute without filing a lawsuit against AUC II. In a letter dated February 29, 2012, that Kober received the first week of March, AUC II informed Kober that his application had been denied. *See* Exhibit A. Kober then filed his motion to amend his complaint to add AUC II on April 20, 2012. Even though AUC I had complained that AUC II was not

named in the first amended complaint, AUC I still opposes Kober's motion to add AUC II to the lawsuit.

### C. Legal Standard

10. Leave to amend shall be freely given when justice so requires. FED. R. CIV. P. 15(a). A motion for leave to amend may be denied if it appears to be futile or legally insufficient. Amendment is futile if "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). In determining futility, the court applies "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id*.

### D. Opposition to Amendment

11. AUC I states that it "opposes the relief requested in the Motion to Amend because Kober has made no attempt to fix any of the fatal defects set forth by AUC in its Motion to Dismiss the Amended Complaint." This is simply false.

12. In its *Motion to Dismiss* (Docket #29), AUC I pleads that Kober lacks standing to sue. *See Motion to Dismiss,* pg. 12 of 17 ("In this instance, a favorable judicial decision will not prevent or redress the injury, as even if an injunction is entered, AUC will be unable to let Kober back into the Medical School. AUC has sold substantially all of its assets and no longer operates the Medical School.") Kober's amended pleading seeks to remedy this exact problem; it includes the previous owners (AUC I, who is sued for damages by Kober) and the present owners (AUC III, who is sued for both damages and injunctive relief).

13. AUC I appears to attempt to dance around this problem by stating that Kober could have included the additional AUC II parties in his *First Amended Complaint*. As shown above, Kober did not immediately add AUC II to the suit because he thought it was a better

course of action to seek to resolve things with AUC II before he sued them. Moreover, absent prejudice to the opposing party (something AUC I does not even attempt to show), the mere fact that something could have been pleaded earlier does not render an amendment futile. Wright & Miller, FED. PRAC. & PROC. § 1488 (2011) ("In most cases, delay alone is not a sufficient reason for denying leave."); *Carmona v. Toledo*, 215 F.3d 124, 136 (1st Cir. 2000)("Delay that is neither intended to harass nor causes any ascertainable prejudice is not a permissible reason, in and of itself to disallow an amendment of a pleading.")

14. Stated another way, "Rule 15(a) does not prescribe any time limit within which a party may apply to the court for leave to amend..." and "courts have not imposed any arbitrary timing restrictions on requests for leave to amend and permission has been granted under Rule 15(a) at various stages of the litigation." Wright & Miller, FED. PRAC. & PROC. § 1488 (2011). The fact that Kober could have amended his complaint in October 2011 to include causes of action against AUC II, but did not avail himself of the opportunity, is entirely irrelevant to this Court's analysis of Defendant's *Opposition to Motion to Amend Plaintiff's Complaint*. Moreover, AUC I's assertion that if the motion is granted then it should be the last time an amendment is allowed is without merit. Nothing in Rule 15(a) mandates that a pleading may only be allowed two times. Further, as set forth herein, Kober has provided sufficient reasons for why the amendments were necessary.

15. Otherwise, Kober's First Amended Complaint should not be dismissed under Rule 12 for the reasons stated in his *Response to Defendant's Motion to Dismiss Plaintiff's First Amended Complaint*. (Docket #31).

## II.  Prayer

16.  For the reasons stated above, Kober prays this Court overrule Defendant's *Opposition to Motion to Amend Plaintiff's Complaint*, grant Kober's motion to amend, and upon trial on the merits, Kober prays for relief as stated in his Second Amended Complaint.

Respectfully submitted,

KITCHENS, BENTON, KITCHENS & BLACK

By: s/ Clinton C. Black

Clinton C. Black (TA)
Bar Roll # 26604
2122 Airline Drive, Suite 200
Bossier City, Louisiana 71111
Telephone:     (318) 747-9636
Facsimile:     (318) 747-7679

MULLIN HOARD & BROWN, LLP
Robert R. Bell, TSBN 00787062
John G. Turner, TSBN 20320550
Richard Biggs, TSBN 24064899
P.O. Box 31656
Amarillo, Texas 79120
Telephone:     (806) 372-5050
Facsimile:     (806) 372-5086

*Attorneys for Plaintiff, Michael Kober*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing Response to Defendant's Motion to Dismiss has been served upon AUC I's counsel by electronic mail, court's electronic system, and/or placing same in the United States Mail, postage prepaid and properly addressed this ___ day of May, 2012.

s/ Clinton C. Black
Clinton C. Black
